FILED IN OPEN COURT
5/6/26
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. Case No. 3:25-cr-228-HES-LLL

CARLOS FELIPE JARAMILLO GRAJALES

# PLEA AGREEMENT

## A. Particularized Terms

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, through the undersigned Assistant United States Attorney, and the defendant, CARLOS FELIPE JARAMILLO GRAJALES, and the defendant's attorney, Aaron Makofka, mutually agree as follows:

1. Counts Pleading To

The defendant shall enter a plea of guilty to Counts One, Two, Three, and Seventeen of the Indictment. Count One charges the defendant with making false statements in an application for a United States passport, in violation of 18 U.S.C. § 1542. Count Two charges the defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Count Three charges the defendant with fraudulent use of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B). Count Seventeen charges the defendant with making a false claim of United States citizenship to vote in election, in violation of 18 U.S.C. § 1015(f).

2. Minimum and Maximum Penalties

Count One carries a maximum sentence of not more than ten years of imprisonment, a fine of not more than $250,000, or both a term of imprisonment and a fine, a term of supervised release of not more than three years, and a mandatory special assessment of $100, which is due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than two years of imprisonment as well as the possibility of an additional term of supervised release.

Count Two carries a mandatory sentence of two years of imprisonment, which must be served consecutively to any other sentence, a fine of not more than $250,000, or both a term of imprisonment and a fine, a term of supervised release of not more than one year, and a mandatory special assessment of $100, which is due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than one year of imprisonment as well as the possibility of an additional term of supervised release.

Count Three carries a maximum sentence of not more than five years of imprisonment, a fine of not more than $250,000, or both a term of imprisonment and a fine, a term of supervised release of not more than three years, and a mandatory special assessment of $100, which is due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not

more than two years of imprisonment as well as the possibility of an additional term of supervised release.

Count Seventeen carries a maximum sentence of not more than five years of imprisonment, a fine of not more than $250,000, or both a term of imprisonment and a fine, a term of supervised release of not more than three years, and a mandatory special assessment of $100, which is due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than two years of imprisonment as well as the possibility of an additional term of supervised release.

Cumulatively, if the defendant were sentenced consecutively, the offenses carry a mandatory two-year term of imprisonment and up to 22 years of imprisonment, a fine of not more than $1,000,000, or both a term of imprisonment and a fine, a term of supervised release of not more than three years, and a mandatory special assessment of $400, which is due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than seven years of imprisonment as well as the possibility of an additional term of supervised release.

Conviction of the offenses also will adversely affect the defendant's immigration status in the United States, both now and in the future, and will result in his removal from the United States.



Defendant's Initials CJG

3. Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

(1) the defendant made a false statement in an application for a United States passport;

(2) the defendant made the statement intending to get a United States passport for his own use; and

(3) the defendant acted knowingly and willfully.

The elements of Count Two are:

(1) the defendant knowingly possessed or used another person's means of identification;

(2) the defendant knew that the other person was a real person;

(3) the defendant possessed or used the means of identification without lawful authority; and

(4) the defendant possessed or used the means of identification during or in relation to the passport fraud offense alleged in Count One of the indictment.

The elements of Count Three are:

(1) the defendant knowingly represented to someone that the Social Security number described in the indictment had been assigned to the defendant by the Commissioner of Social Security;

(2) at the time, the Social Security number had not been assigned to the defendant; and



Defendant's Initials cjg

(3) the defendant intended to deceive someone in order to obtain a passport.

The elements of Count Seventeen are:

(1) the defendant knowingly made a false statement or claim that he was a citizen of the United States; and

(2) the defendant made the false statement or claim to vote in an election.

4. Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Four through Sixteen and Counts Eighteen and Nineteen will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A). However, the defendant understands that the conduct giving rise to the charges set forth in these counts may be considered relevant conduct by the Court in determining the defendant's sentence.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.



Defendant's Initials CJG

6. Restitution

Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), the defendant agrees to make full restitution to any victims of the offenses, including the person whose identity the defendant used.

7. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant



Defendant's Initials CJg

agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. Removal - Notification

The defendant has been advised and understands that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, the offense to which the defendant is pleading guilty may be a removable offense. Indeed, because the defendant is pleading guilty to this offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that may result from the defendant's guilty plea, even if the consequence is the defendant's automatic removal from the United States following completion of the defendant's sentence. otherwise. otherwise.

9. Stipulation to Judicial Removal

The defendant acknowledges that before executing this plea agreement he received and reviewed the following documents: Defendant's Plea Statement in Support of Judicial Removal Order, Factual Allegations in Support of Judicial Removal, and proposed Judicial Removal Order. The defendant acknowledges that



Defendant's Initials CJG

these documents were read by him or read to him by an interpreter, that he was fully advised by his counsel about these documents and their provisions, that his attorney satisfactorily answered any questions he may have had about them, that he fully understood their provisions, and that he knowingly, voluntarily, and intelligently agreed to and signed Defendant's Plea Statement in Support of Judicial Removal Order. The defendant understands that through this document and by this plea agreement, he is stipulating and agreeing to the entry of the Judicial Removal Order, which will authorize his removal to Colombia after he serves any sentence that might be imposed, without any further proceedings before this Court, an Immigration Court, Immigration and Customs Enforcement, or any other court or agency.

10. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to18 U.S.C. § 982(a)(6), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not

properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8



Defendant's Initials CJG

will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and may be found eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be



Defendant's Initials CJG

binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B. Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the



Defendant's Initials CJG

Clerk of the Court in the amount of $200, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems

appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit

reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to



Defendant's Initials CJG

appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for

perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 6th day of May, 2026.

GREGORY W. KEHOE
United States Attorney

By: ______________________
ARNOLD B. CORSMEIER
Assistant United States Attorney

______________________
CARLOS FELIPE JARAMILLO GRAJALES
Defendant

______________________
AARON MAKOFKA
Attorney for Defendant

______________________
MICHAEL J. COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

CJG

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. Case No. 3:25-cr-228-HES-LLL

CARLOS FELIPE JARAMILLO GRAJALES

## PERSONALIZATION OF ELEMENTS

As to Count One:

1. Do you admit that on or about March 28, 2023, you made false statements in an application for a United States passport, including providing a false name, a false Social Security number, and a false date of birth?

2. Do you admit that you made the statements intending to get a United States passport for your own use?

3. Do you admit that you acted knowingly and willfully?

As to Count Two:

1. Do you admit that on or about March 28, 2023, you knowingly possessed and used another person's means of identification, that is, the name, date of birth, and Social Security number of a person with the initials J.L.R. when you applied for a United States passport?

2. Do you admit that you knew that J.L.R. was a real person?

Defendant's Initials CJG

3. Do you admit that you possessed and used the means of identification without lawful authority to do so?

4. Do you admit that you possessed and used the means of identification during and in relation to the offense of making false statements in a passport application to fraudulently obtain the issuance of a passport, as alleged in Count One of the indictment?

As to Count Three:

1. Do you admit that on or about March 28, 2023, you knowingly represented in a United States passport application that the Social Security number listed in the application had been assigned to you by the Commissioner of Social Security?

2. Do you admit that the Social Security number had not been assigned to you?

3. Do you admit that you intended to deceive someone in order to obtain a passport?

As to Count Seventeen:

1. Do you admit that on or about November 3, 2020, you knowingly made a false statement or claim that you were a citizen of the United States?

2. Do you admit that you made the false statement or claim to vote in an election?



Defendant's Initials cjg

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. Case No. 3:25-cr-228-HES-LLL

CARLOS FELIPE JARAMILLO GRAJALES

## FACTUAL BASIS

The defendant, CARLOS FELIPE JARAMILLO GRAJALES, was born in Colombia and is a citizen of Colombia. In March 2003, the defendant went to a Florida driver's license office and applied for a license in the name of a person with the initials J.L.R. When he applied for the license, he claimed to be a U.S. citizen and he provided as proof of citizenship a birth certificate from Puerto Rico, a Social Security card, and a New Jersey driver's license, each in the name of J.L.R. The birth certificate and Social Security card each set forth true identifiers for J.L.R., including his name, date of birth, and Social Security number. The defendant's application was approved and a driver's license in the name of J.L.R. was issued to him. Subsequently, the defendant engaged in numerous transactions regarding the driver's license, including renewing it several times, with the last transaction occurring in February 2024. During each transaction, he affirmed that the identifying information he had provided was true.

Defendant's Initials CJG

On April 22, 2003, the defendant submitted an application for a United States passport, listing an address in Hialeah, Florida. When he applied, he identified himself as J.L.R. and listed on the application J.L.R.'s name, date of birth, place of birth, and Social Security number. He stated that he was born in Rio Piedras, Puerto Rico, and that his father was a U.S. citizen who had been born in Puerto Rico, and he provided a Puerto Rican birth certificate in J.L.R.'s name. He signed the passport application and by doing so swore that the statements made in the application were true. The application contains a photograph of the defendant. The application was approved and the defendant was issued a passport in the name of J.L.R. with an issue date of May 12, 2003.

On February 23, 2013, the defendant submitted an application to renew the passport in J.L.R.'s name, listing an address in Jacksonville, Florida. He again identified himself as J.L.R. and listed on the application J.L.R.'s name, date of birth, place of birth, and Social Security number. He signed the renewal application and by doing so swore that he was a "citizen or non-citizen national of the United States" and that the statements made in the application were true. The application contains a photograph of the defendant. The application was approved and the defendant was issued a renewed passport in J.L.R.'s name with an issue date of March 9, 2013.

On March 28, 2023, the defendant submitted an application to again renew the passport in J.L.R.'s name, listing an address in Jacksonville. He again identified himself as J.L.R. and listed on the application J.L.R.'s name, date of birth, place of



Defendant's Initials CJG

birth, and Social Security number. He signed the renewal application and by doing so swore that he was a "citizen or non-citizen national of the United States" and that the statements made in the application were true. The application contains a photograph of the defendant. The application was approved and the defendant was issued a renewed passport in J.L.R.'s name with an issue date of June 4, 2023.

On December 7, 2010, the defendant submitted a Florida Voter Registration Application, listing an address in Jacksonville. He identified himself as J.L.R. and listed on the application J.L.R.'s true name and date of birth, and the number of the driver's license he had obtained in J.L.R.'s name. He stated that he was a U.S. citizen and that he was born in Puerto Rico. The registration was approved and he subsequently voted in several general elections, including the election held in Duval County on November 3, 2020.

When the defendant applied for a Florida driver's license, applied for a U.S. passport, registered to vote, and voted he knew that he was not a citizen or national of the United States and that he was fraudulently using J.L.R.'s identifying information. He also knew that J.L.R. was a real person.



Defendant's Initials CJG